ELLIS, Judge.
On September 10, 1974, James E. Kemp, doing business as Capital Leasing Company, leased certain equipment to Tidewater Dredging and Construction Company. Julian E. Fernandez personally guaranteed the performance of the lessee’s obligations thereunder, binding himself jointly, severally and in solido with Tidewater.
On July 2, 1975, Tidewater filed a petition in bankruptcy, which constituted a default under the terms of the lease. On July 30, 1975, this suit was filed against Mr. Fernandez under the surety agreement executed by him, on September 10, 1974. Judgment was rendered in favor of plaintiff and against Mr. Fernandez for $36,- *726 666.46, with eight per cent interest from date of judicial demand, and 15 per cent of the principal and interest due as attorney’s fees. This judgment was not appealed and is now final.
In the bankruptcy proceedings, plaintiff filed a claim for $36,666.46 due under the lease, alleging it to be an unsecured claim. Apparently, the trustee in bankruptcy took the position that the lease was, in fact, a lease-purchase agreement although the lease contract itself is one of pure lease. After some negotiations, plaintiff agreed to file an amended proof of claim in which he alleged the contract to be one of lease or lease-purchase, and claimed both a lessor’s lien and a vendor’s lien against the leased property.
The leased property was sold by the trustee for $13,000.00. After deduction of a $1,300.00 commission, $11,700.00 was paid to plaintiff. Mr. Fernandez appeared in the bankruptcy proceeding and opposed the payment to plaintiff on the basis that plaintiff had no lien on the property since the contract was actually one of lease and not lease-purchase, but to no avail.
Apparently the judgment obtained against defendant was made executory in St. Mary Parish, and attempts to execute thereon were made, by garnishment and by a judgment debtor rule. This record reflects that a judgment debtor rule was also filed in Assumption Parish.
The case comes before us on a rule for an injunction to prevent plaintiff from making any further attempts to execute on the judgment against the defendant. A preliminary injunction was initially issued by the trial judge, and subsequently dissolved. It is from the judgment of dissolution that defendant has appealed.
The main argument made is that the sale of the leased property by the trustee in bankruptcy resulted in the destruction of the object of the lease and the termination of the leasehold interest, which it is alleged, has the effect of cancelling the judgment against Mr. Fernandez. Alternatively, defendant sought credit for various payments allegedly made after judgment, including the $11,700.00 paid in the bankruptcy proceeding.
Section 21(c) of the lease contains the following language:
“(c) Upon any default, Lessor shall have the right, at its option, but shall not be obligated, to do one or more of the following: ... (3) to sell any or all of the equipment at public or private sale for cash or on credit and to recover from Lessee all costs of taking possession, storing, repairing and selling the equipment, plus an amount equal to 10% of the actual cost to Lessor of the equipment sold, and the unpaid balance of the total rent for the initial term of this lease attributable to the equipment sold, less the net proceeds of such sale: .
“Notwithstanding any action taken by Lessor, including taking possession of any or all of the equipment, Lessee shall remain liable for the full performance of all its obligations hereunder, but if Lessor terminates this lease in writing, as to any item of equipment, Lessee shall not be liable for rent for such item accruing after the date of such termination.
“In addition, Lessee shall pay Lessor all costs and expenses incurred by Lessor in exercising any of its rights or remedies hereunder, including reasonable attorney’s fees to be fixed at not less than 15% of the amount in default or $25, whichever is more.”
In view of the foregoing provision, we think the plaintiff-lessor was within his rights when he permitted the characterization of the transaction as a lease-purchase by the trustee and the subsequent sale thereof, since he had the right to sell the leased property in any event. We therefore find defendant’s main contention to be without merit.
However, we think the judgment below must be reversed. Article 2298 of the Code of Civil Procedure provides, in part:
“Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fieri facias shall be granted to the judgment debtor or to a *727 third person claiming ownership of the seized property:
“(2) When subsequent to the judgment payment has been made, or compensation has taken place against the judgment, or it has been otherwise extinguished. If the payment, compensation, or extin-guishment is for a part of the judgment, the injunction shall be granted to that extent, and the execution shall continue for the amount of the excess; . . .”
Since the defendant is claiming certain credits which were allegedly paid after the judgment was rendered, he is entitled to an injunction as to that part of the judgment which is excessive as a result of the credits.
Plaintiff concedes, in brief, that defendant is entitled to a credit of $11,700.00, as a result of the sale, and to an additional credit of $5,215.54 which was received by him from the trustee, although no proof of the latter credit appears in the record. Defendant further alleged payment of some $8,000.00 by himself or Tidewater, but no proof thereof appears in the record. Since the record is incomplete, we will remand the case to the trial court so that the full extent of the credits due defendant on the judgment against him may be determined at a hearing. An injunction should then issue to prevent execution of the judgment for the excess portion thereof. Plaintiff may execute on the judgment for the balance due thereunder.
The judgment appealed from is therefore set aside, the preliminary injunction reinstated, and the case is remanded to the trial court for further proceedings in accordance with the views herein expressed, and according to law. Costs of this appeal shall be paid by plaintiff, with all other costs to await final determination of this rule on its merits.
REVERSED AND REMANDED.