ELLIS, Judge:
Judgment was rendered in favor of plaintiff, James E. Kemp, doing business as Capital Leasing Company, and against defendant, Julian E. Fernandez, on December 4, 1975, for $36,666.46, plus eight per cent interest from date of judicial demand, and 15 per cent attorney’s fees. This judgment became final without appeal.
When plaintiff subsequently attempted to execute on the judgment, defendant obtained a temporary restraining order, and, subsequently, a preliminary injunction. Thereafter, the matter was reconsidered by the trial court, and the preliminary injunction recalled. Defendant appealed that judgment to this court.
On appeal, we found that defendant’s attack on the judgment was without merit, but we reinstated the injunction and remanded the case to the trial court to permit defendant to prove payments allegedly made by him on the judgment after its rendition. See Kemp v. Fernandez, 369 *630 So.2d 725 (La.App. 1st Cir. 1979) writ den. 371 So.2d 1341 (La.1979).
After remand, plaintiff filed various requests for admissions and interrogatories, and a motion for summary judgment. Affidavits were filed by both parties, supporting and opposing the motion. A review of these affidavits shows that the only matter in dispute was an allegation by defendant that he had paid $2,000.00 to plaintiff’s former attorney which was not credited on the judgment. Payments of $11,700.00 on August 3, 1977, and of $5,215.54 on March 15, 1978, are admitted by both parties.
After a hearing on the motion for summary judgment, the trial judge rendered judgment in favor of plaintiff, and defendant has appealed. The only specifications of error assigned relate to the failure of the trial judge to give credit against the judgment for alleged unearned discount.
The assignments are without merit. They relate to matters which could and should have been raised at the trial on the merits of the case. The judgment herein was rendered in 1975 and was permitted to become final without appeal. It is now too late to contest the judgment on its merits.
The judgment appealed from is therefore affirmed, at defendant’s cost.
AFFIRMED.